REQUESTED BY: Dear Senator:
You have requested our opinion on two questions relating to the records of the Conflicts of Interest Committee. Your first question is whether the materials that were filed under the former statute, which established the Conflicts of Interest Committee, are confidential. That statute formerly appeared as sections 49-1101 to 49-1117, R.R.S. 1943. Those sections were repealed upon the adoption of the Political Accountability and Disclosure Act in LB 987, Eighty-fourth Legislature, Second Session, 1976. Those sections now appear as sections 49-1401 through 49-14,138. Under the repealed section 49-1106, R.R.S. 1943, legislators, constitutional officers, members of independent boards or commissions, natural resource districts, legislative council employees receiving a salary of $10,000 or more, and other executive officers who receive a salary of $10,000 or more were required to disclose certain information to the Conflicts of Interest Committee established by section 49-1105. In subsection (6) of 49-1106 the following language appeared:
 "Each disclosure statement, amended statement, or notification that no amendment is required shall be public information and a copy of each shall be furnished each member of the Legislature and each nonlegislative member of the committee, at their request."
Under this language, it is our opinion that the conflicts of interest statements filed with the committee were public records and thus not confidential.
In your second question you ask: Who is the proper custodian of the Conflicts of Interest Committee records and to whom should request for disclosure be directed? As background information, you have informed us that these records are maintained in your office in three locked filing cabinets and that you have had these records since the committee was dissolved by repeal of the establishing sections. It is clear that you are not the proper custodian for these records. There is no statute authorizing you as a legislator or as a member or chairman of any committee of the Legislature to have possession or control of the Conflicts of Interest Committee records. Those records were the records of the committee and not of the Legislature or of individual members of the Legislature. As such, you have no authority over the records nor should you be in a position of either authorizing or denying access to such records.
Under the Records Management Act, in section 84-1213, R.R.S. 1943, the Legislature has provided that records made or received or under the custody, control or in the possession of public officials or agencies of any of the branches of government are public records and the property of government. They are not to be mutilated, destroyed, transferred, removed, damaged or otherwise disposed of in whole or in part except as provided by law. Further, that section, in part, provides:
 "Any person who shall willfully mutilate, destroy, transfer, remove, damage, or otherwise dispose of such records or any part of such records, except as provided by law, and any person who shall retain and continue to hold the possession of any such records, or parts thereof, belonging to the state government or to any local political subdivision, and shall refuse to deliver up such records, or parts thereof, to the proper official under whose authority such records belong, upon demand being made by such officer or, in cases of a defunct office, to the succeeding agency or to the state archives of the Nebraska State Historical Society, shall be guilty of a misdemeanor. . . ."
This is the only statute that gives us any guidance with respect to the disposition of such records.
The Conflicts of Interest Committee was dissolved by repeal of the enacting sections. The Legislature made no specific provision for a successor agency nor did the Legislature make any provisions for the disposition of committee records.
It might be argued that the Political Accountability and Disclosure Commission is a successor agency. Many of the functions previously performed by the Conflicts of Interest Committee are now performed by the Political Accountability and Disclosure Commission. However, there is no direct link between the two and the Political Accountability and Disclosure Commission acts in a much wider area than did the Conflicts of Interest Committee. You could offer to the Political Accountability and Disclosure Commission possession and control of these records. That agency could determine whether or not they are a successor agency.
Another option is open to you and that is to deliver the records to the Records Management Administrator. That administrator may then make the determination as to whether or not the records are such that they should be retained or are such that they could be destroyed. Under section84-1214.01, the state archives has the authority to acquire, in total or in part, any document, record or material which has been submitted to the Records Board for disposal or transfer when such material is determined to be of archival or historical significance. This, of course, would be subject to action by the state archivist.
In our view, the best course for you to follow would be to notify the State Records Administrator of your possession of such records and your desire to deliver them to his office so that he may determine whether or not such records should be maintained or destroyed.
Either of the courses we have outlined above are appropriate. To reiterate, they are: (1) To deliver the records to the Political Accountability and Disclosure Commission as the successor agency, or (2) to deliver them to the State Records Administrator for disposition under the statutes governing his duties. In either case, the person then having possession of those records would be the proper individual to whom a request for disclosure should be directed.